UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TORIANO GERMAINE HUDSON,

    Petitioner,

    v.

RON BROOMFIELD,

    Respondent.

Case No. 20-cv-07559-EMC

**ORDER OF DISMISSAL**

Docket No. 1

## I.   INTRODUCTION

Toriano Germaine Hudson filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His *in forma pauperis* application also is before the Court for review.

## II.   BACKGROUND

Mr. Hudson alleges that he was convicted in Contra Costa County Superior Court of driving under the influence causing injury (Cal. Veh. Code § 23153(a)) and driving with a blood alcohol level of 0.08% causing injury (Cal. Veh. Code § 23153(b)). Docket No. 1 at 1-2. He also was found to have personally inflicted great bodily injury and to have suffered two prior serious felony convictions. *Hudson v. Sexton*, No. 17-cv-4373 EMC, Docket No. 29 (order denying petition for writ of habeas corpus). He is currently serving a sentence of 35 years to life in prison. Docket No. 1 at 1.

In his present petition, Mr. Hudson presents two claims. First, he contends that he is entitled to resentencing under Proposition 57 because he has an "illegal sentence – nonviolence on

1 abstract of judgment." Docket No. 1 at 5.  Second, he contends that he qualifies for resentencing
2 because there "seems to be a sentencing error that needs to be fixed." *Id.*

### III.  DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Hudson's claim for relief under Proposition 57 is dismissed.  The claim repeats a claim he presented in an earlier petition, *Hudson v. Neuschmid*, No. 19-cv-3335 EMC, and must be dismissed for the same reasons.  As the Court explained in dismissing that earlier petition, Mr. Hudson is not entitled to relief because he has not alleged a violation of his rights under the Constitution or laws or treaties of the United States and federal habeas relief is not available for state law errors.  *Hudson v. Neuschmid*, No. 19-cv-3335 EMC, Docket No. 9 at 2.  As the Court also explained in dismissing that earlier petition, even if Mr. Hudson did allege a violation of his rights under the Constitution or laws or treaties of the United States, the claim would fail because any claim to enforce rights under California's Proposition 57 must be brought in a civil rights action, if it may be brought in federal court at all.  *See id.* at 2-4 (citing *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016)).  The first claim – for resentencing under Proposition 57 – therefore is dismissed without prejudice to Mr. Hudson pursuing any claim for relief in a civil rights action.

Mr. Hudson's other claim is that he should be resentenced to correct an error in his sentence.  As with his first claim, this claim does not allege a violation of Mr. Hudson's rights under the Constitution or laws or treaties of the United States.  Federal habeas relief is not

1  available for state law errors.  A "federal court may issue a writ of habeas corpus to a state
2  prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or
3  treaties of the United States.'"  *Swarthout v. Cooke*, 562 U.S. at 219 (citations omitted).  Even if
4  he could allege a violation of the Constitution or laws or treaties of the United States, such a claim
5  would run afoul of the rule prohibiting second or successive petitions without prior permission
6  from a court of appeals.  A second or successive petition may not be filed in this Court unless the
7  petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order
8  authorizing this court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  If Mr. Hudson wants to
9  assert a federal constitutional claim about the sentence imposed, he must first obtain permission
10 from the United States Court of Appeals to file a new petition for writ of habeas corpus because he
11 already filed a federal habeas petition, *Hudson v. Sexton*, No. 17-cv-4373 EMC, that was denied
12 on the merits on September 18, 2019.  If Mr. Hudson wants to attempt to obtain the necessary
13 order from the Ninth Circuit, he should file an "Application For Leave To File Second Or
14 Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103).  A
15 copy of the form application is enclosed with this order for his convenience.

16      When the court denies or dismisses a petition for writ of habeas corpus from a state
17 prisoner, the court must determine whether to issue a certificate of appealability.  A certificate of
18 appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "jurists of
19 reason would find it debatable whether the petition states a valid claim of the denial of a
20 constitutional right and that jurists of reason would find it debatable whether the district court was
21 correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED**. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenges to the implementation of Proposition 57 and without prejudice to Petitioner filing a new habeas action to further challenge his sentence if he ever obtains permission to do so from the Ninth Circuit. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 17, 2021

_____
EDWARD M. CHEN
United States District Judge